Number 22369, NATS, Inc. v. Radiation Shield Technologies Mr. Robinson, whenever you're ready. May it please the court, good morning, your honors. My name is Dwayne Robinson. I'm here on behalf of the appellants, RST, and Mr. Ronald DeMeo. The district court has erred as a matter of law in declining to immediately enforce the arbitration agreement in this case. The evidence at the court's preliminary injunction hearing showed the following. It showed that the president of the plaintiff, NATS, Inc., signed the arbitration agreement. She initialed every page. She had the express authority to do that. And neither she nor two other officers of NATS, Inc. ever objected when TechFlow sent the copy of the executed agreement to my client. This court has jurisdiction over this case, and it's an over-review. It should compel, it should, excuse me, reverse and remand with instructions for the district court to compel arbitration. If your honors are satisfied that this court has- May I just ask about that last piece? We don't have the authority to order arbitration in Florida, which seems to be what you're asking. Well, your honor, we do agree with you that the FAA only allows the district court to compel arbitration in the same district in which the court is located. And obviously that's not Florida in this instance. However, the district court has inherent authority to enjoin, whether positively or negatively, the parties before it. So the district court could say, I'm ordering the parties before me to go to arbitration. Not pursuant to the FAA, but pursuant to its inherent authority. But the court doesn't need to grapple with that, your honor. If this court agrees, and it's an over-review, that there is a requirement to arbitrate, the district court has a number of tools in its arsenal to carry out your mandate. The district court could simply say, I'm going to stay the case. You all go down to Miami and settle this thing. But before we get to that question, we have to satisfy ourselves that we have appellate jurisdiction. You're relying on the principle that we have jurisdiction over orders denying a motion to compel arbitration. True, the judge said, deny. But then the judge said, we're going to need a trial. So I think it's pretty clear that the judge had in mind that it might still be granted if a trial reflected that arbitration was required. Sure. And our position, your honor, is that under section 16 of the FAA, we have the ability to appeal interlocutory orders that deny a request to stay a case or compel arbitration. The best case we'd cite for that is the Trolley Enterprises case from the Fourth Circuit. It relied on first principles in deciding whether or not there's the ability to have appellate jurisdiction in this instance. The court looked at the plain meaning of the statute. There's no language in there that says the court may not hear orders denying interlocutory or without prejudice orders to compel arbitration. And in fact, what the Fourth Circuit said in that case is that if we read into section 16A1B, a requirement of finality of orders denying much to compel, you would in effect render negatory section A3 of section 16 of the FAA, which allows for appeals of final orders regarding arbitration. What if the judge had done something that I think is functionally the same? Said, well, you know what? I'm holding your motion in abeyance. I've got it. I'm going to rule on it. But we need to go to trial on these facts first. Your honor, what we would say- You wouldn't be coming in here and suggesting that because the court had not yet ruled on your motion or ordered it, that it simply said, I'm holding it in abeyance. It's still pending. You wouldn't be arguing that we have appellate jurisdiction, right? Or would you? It depends on the circumstances, your honor. It depends whether or not there is clear, unmistakable evidence that there is an agreement to arbitrate. And in those circumstances where there is such evidence, as happened in this case, not only was the issue fully briefed, but there was an evidentiary hearing. And as this court did in the Janika case, this court heard a case where a party was sort of temporarily denied the right to compel arbitration. And what we're suggesting is this case is a lot different than the case of the Pitchfork Liaison. And I think what you're describing, Judge Nardini, is a case similar to the Seventh Circuit decision in context of casualty, where the court said, you know what? I want to decide first whether I have personal jurisdiction or venue. So I'm going to strike the motion to compel. You can raise it later. I would agree with you in that sort of situation. That's the type where there's not a denial of the request to compel arbitration. Here, there was a denial. The district court had said at the preliminary injunction hearing, February 2022, I'm denying the motion to compel arbitration. Well, what if the court had said, I think I'm asking the same question that Judge Nardini asked, what if the court had said, left out the words denied, and said, I'm not satisfied that there is a contract to arbitrate, and I'm going to schedule a hearing on that matter. Yeah. Would you say that that delay would be tantamount to a denial, such that you could appeal it immediately? Probably not, Your Honor. But here, you're right. In this case, the court said, I am denying. Probably not. But isn't that basically what the judge did on August 30th? The court said, I think it's necessary to have a trial. You guys, why don't you get ready for it? We disagree with that, Your Honor. And here's why. You have to, because if you don't. In other words, if what the court did on August 30th is functionally the equivalent of what you say the court did later, then you fail to take a timely appeal. Well, no, Your Honor, because what happened here when there was a preliminary injunction hearing, we requested again. We renewed our request to compel arbitration. And after the evidentiary hearing, we renewed that request, and the court said, I'm going to deny arbitration because the evidence that I've received is not enough for me to determine whether or not there's agreement to arbitrate. And what we're trying to tell you, Judge Jacobs, is the evidence that was at that hearing is enough. The plaintiff, we produced evidence that neither the plaintiff's president nor two other officers objected to the transmission of the agreement signed and executed to my client. What if I agreed with you, but wouldn't I need appellate jurisdiction to make that ruling? And you have it, Your Honor. Because we have a chicken and egg situation here, I think. I appreciate the question, but frankly, we have to go back to the plain meaning of the text, right? The plain meaning of the text says that if you have a denial of a motion to compel arbitration, we have the right to appeal. The judge explicitly said, I'm denying it. And in fact, one of the reasons why the judge denied it is because he thought we need to have an evidentiary sort of trial as to whether or not there was fraud involved in the execution of the nondisclosure agreement. That is precisely the type of case that the Supreme Court said in Primate Paint and in Buckeye that should be resolved in arbitration. So here we have a situation, which this Court recognized in the Campanillo case, where the trial as to whether there's a valid contract is going to overlap with the fraud claim that the plaintiff has brought. In that situation, federal law favors arbitrability. It suggests that you should defer this to the arbitrator. Let the parties fight about that there. I see that my time is running out, and I would just like to make one other quick point. The plaintiff has raised this argument that the nondisclosure agreement doesn't apply backward-looking to the 2019 November purchase order. This Court's decision in Colleen expressly precludes that argument. This Court said that if you have a clause that says any and all disputes, it means any and all disputes, regardless of the time the dispute arose. So I see my time is up. We request that Your Honors reverse with remand to instruction to stay or compel arbitration. Thank you, Counsel. You've reserved some time for rebuttal. May it please the Court, Patrick Fahey for the Plaintiff Appellee Nats Incorporated. I want to address three main points this morning, Your Honors. First, as Judge Jacobs brought up, whether this court should hear this appeal at all, whether it has jurisdiction to hear it. If it does hear the appeal, why the court should affirm what the district court did or remand it for a decision on the trial? And lastly, is just to address whether the court- Remand it for a decision on the trial, whether there should be a trial? Well, Your Honor, if I could update the court- What's going on below? As the record will reflect, I think the court can take judicial notice of the docket. The court held the trial in November, November 28th. We're waiting Judge Thompson's decision. Evidence was heard, the trial was complete, and now we're just waiting for Judge Thompson. Is there any indication that Judge Thompson is waiting for us? Well, no, I don't- Well, actually, let me say that differently, Your Honor. Judge Thompson denied the motion to stay pending appeal, so I think that indicates the answer's no. Judge Thompson is not waiting for this court, just as this court denied the motion to stay. I believe he's proceeding as he's directed to do under Section 4 of the FAA to hold the summary trial that he's mandated to do in this case. So, Your Honors, first I wanted to address whether this court- That's correct, Your Honor. November 28th, 2022, the court held the summary trial, took evidence, took it under advisement, and we're waiting for Judge Thompson's ruling. So I first want to address the jurisdictional issue. The appellant spends time in their brief, and we heard my friend this morning talk about federal policy in favor of arbitration. Your Honors, that does not apply when we're talking about whether there was an agreement to arbitrate. That is essentially what's happened here. That's what the issue is before the district court, and that is a good part of what Section 4 of the Federal Arbitration Act is about. What happens when the existence of an arbitration agreement is at issue? The district court found at least twice that the existence of an arbitration agreement, an agreement to arbitrate, is at issue in this case. And then it went on, as it's directed to do under the statute, to conduct a summary trial to determine the answer to that question. The district court should be able to finish that process, and inexplicably, the defendants have time and time and time and time again tried to delay that. In our opposition to the motion to stay, we brought to the court's attention the district court's findings, and again, I'd ask the court to take judicial notice of the finding that the defendants have repeatedly delayed the progress of this case. That's at district court docket 96 at 3. We believe there is no jurisdiction in this court in these very peculiar circumstances, even more so now that we're actually waiting for the district court's decision on the summary trial. We think that fact distinguishes this case from every other case that we've seen in the briefs in this. Your friend says that just the denial of the motion to compel arbitration is itself something that the FAA allows immediate review of. And, Your Honor, I'd like to address that. I agree that it is a simple matter of statutory interpretation. I believe that as the court must, when it's addressing a statute, it has to review a statute as a whole. It has to construe Section 16 in light of Sections 4 and 3. And if the court were to look at Section 16, which is a congressional provision of appellate jurisdiction to the United States Courts of Appeals, that statute sets out three general areas where there's appeal. The first subdivision, Section A-1, talks about generally and enumerates through A, sub-A through E, the nature of certain orders expressly provided for elsewhere in the FAA. That's in A through E. It talks about other provisions of the FAA. The second, now it's important ever since the Supreme Court's opinion in Green Tree Financial, there's a concept of finality associated with those types of orders. The classic sense of finality that governs this Court's appellate jurisdiction all the time, which is, is the court done? Is there anything left for it to do? Clearly, in this case, the district court has more to do. The second part of this conveyance of jurisdiction in subsection A-2 is the express vesting of jurisdiction of an interlocutory order. And now I'm quoting, granting, continuing, or modifying an injunction against an arbitration that is subject to the FAA. Now, Judge Thompson entered an injunction that would be subject to this provision. It's not appealed for. There's nothing about the notice of appeal in this case that talks about Judge Thompson's decision in joining the defendants from doing an end run around his order and continuing the arbitration in Florida. Finally, A-3, the last one, is sort of a catch-all. Any other, quote, final decision with respect to an arbitration that is subject to the FAA. So if you look at the statute as a whole, Section 16, its role is Congress is giving appellate jurisdiction to hear certain types of final orders, but only one type of interlocutory order. All other interlocutory orders should be filtered through the other provisions of 16a. Viewed in that light, to quote Section 16a-1b, the order here was not, quote, denying a petition under Section 4 of this title to order arbitration to proceed. That is not what Judge Thompson did. In fact, he did the opposite. Why is that not applicable? I'm so sorry, Your Honor. Why is that provision not applicable here, B, denying a petition under Section 4? Because that's not what the district court did. The district court did not deny a motion to compel under Section 4. The district court said, pursuant to Section 4, I'm going to deny your motion without prejudice to hold the summary trial that Section 4 mandates. So it's not an order denying that finality. I'm not going to come back to this. It's an order that says, I understand under Section 4 I have to conduct a summary trial, and that's what I'm going to do. Your motion is denied without prejudice to renewal after that happens. That's expressly what Judge Thompson held. So, I mean, I think as we were asking your friend earlier, like, there are different things that the district court could have done that would have made this not a denial, but, in fact, the order that comes to us is a denial of a motion to compel arbitration. So whether it's with or without prejudice, whether it's final or not, it seems to fall within this provision. And, you know, maybe he could have done it differently, especially since he, you know, went on to proceed with the trial. But I don't see how what you just said brings it out of the text of Subsection B here. Well, Your Honor, respectfully, I disagree. Again, I think it's a matter of statutory interpretation. I think when a court denies a motion without prejudice, it's not a final order under Section 4 saying I will not consider this. That being said, Your Honor, even if the court rules that it has appellate jurisdiction, it still has the authority in this case, as other courts have done, to essentially defer to the district court's decision. And that's the other ground, the basis for affirmance in this case or at least remand with direction to Judge Thompson to finish what he started under Section 4. Other courts, other courts of appeal, have accepted jurisdiction and then in light of the mandate of Section 4 have remanded saying, got it, finish what you started. The Ninth Circuit in the Hansen case, I think, put it best. It recognized what's essentially apparent in this case. The appeal of a district court's non-final order determining that there are issues for trial, which is what Judge Thompson did here, and denying a motion to compel arbitration without prejudice constitutes, and I'm quoting, an end run around Section 4 of the FAA. This is exactly what the defendants are trying to do here, prevent the district court from doing its job under Section 4. That approach, the approach of the Ninth Circuit in Hansen, is completely consistent with what this court has done in cases like the Deedon case, D-E-D-O-N cited in our brief, and the Meyer case. The Meyer case is abundantly clear. If factual issues exist, remand for a summary trial pursuant to Section 4. So if I understand what you're saying, you're saying that if we decide we have appellate jurisdiction because formally there was a denial, at most we would, I suppose, vacate, or I guess not reverse, but vacate the denial of motion to compel and say you need to think about it, you can't just hold it in abeyance, but you don't want us to say to the court, to dig deeper and say, here's what the merits of the motion to compel should have been decided, yes or no. But what you did was put it on ice, and we're telling you the one thing that you did, which is put it on ice, is the one thing you ought not to have done. Now figure out for yourself what to do, whether have a trial, not have a trial. Of course, we know that the court thinks it needs to have a trial. Is that, am I phrasing it right? Your Honor, respectfully, no, because I would hesitate to ask this court to vacate what Judge Thompson did. What Judge Thompson did was completely consistent with the FAA. I think what Judge Thompson did is explainable by the Civil Justice Reform Act. He had a motion that was pending on his calendar that was going to come up. Yes, Your Honor. I see that my time is up. May I briefly conclude? Yes, of course, and actually before you do that, I want to go back to where you started, which is the status below, and I think you responded to Judge Jacob's question that there is no indication that the district court is waiting on this appeal. Is that right? And as I said, Your Honor, I think even clearly that it's not. It denied the motion to stay pending appeal. So it is proceeding. And did he give any indication of timing, or it's just pending? At the conclusion of the hearing, I believe he represented that he would be issuing a decision. He didn't give a time frame. And just to follow up, I assume briefing is complete on this part of both parties there? The record is closed on the matter, Your Honor. It has been submitted as pending before Judge Thompson. Thank you. Go ahead. Thank you, Your Honor. For the reasons that we talked about in our brief and I mentioned here this morning, we'd request that either this court dismiss the appeal or affirm the district court and remand the matter to the court to complete the job that it's trying to do under Section 4 of the FAA. Thank you, Your Honors. Thank you, counsel. If I could just ask you a question. This is so hypothetical, there may not be a reason to ask it. But in the meantime, let's say that Judge Thompson were to issue a ruling on the matters that were heard before him. I guess it was an evidentiary hearing, right? I was not involved in the trial, Your Honor. I trust my friend on the other side correctly reflected what it is. But what I would say, Your Honor, is I'm very doubtful that Judge Thompson has the ability to deprive this court of jurisdiction to resolve this matter. I guess where I was going, not to ask that question, but if he were to come out and rule in your client's favor on that, because hypothetically, right, that's two possible outcomes, right? He has this hearing and he says, yes, yes, yes. In fact, the outcome should be your side wins and you get a motion to compel. Would that effectively moot out this appeal? I don't think so, Your Honor. And here's why.  But I'm very doubtful that a district court has the ability to deprive this court of its jurisdiction. If I could briefly address the points that my friend on the other side made. But before I do that, I have a correction. The Janika case I mentioned before is a Seventh Circuit case. I think I called it a second. That's my apologies. I wanted to direct your attention, Your Honors, to the appellant's appendix, page 436. And this is on page 430 of the transcript. This is the judge's order. Judge Thompson says, and I quote, there is also a pending motion to compel arbitration. That's denied without prejudice. We've now satisfied section 16A1B. There is appellate jurisdiction here. I heard no argument from my friend. So you're asking us to review the denial? Yes. You're saying we have jurisdiction? Yes. What's the reasoning? What's the – on what ground did the judge deny the motion? Well, one ground that he – That's what we would be reviewing. Was it sufficient or not? Well, what you'd be doing, Your Honors, is a de novo review. So to a certain extent, the basis for his decision lacks less weight because you're doing your own review of the evidence to see whether or not there was objective evidence of assent to a contract. And here that's what it is. But I'll say one other – What if we come to the conclusion that the only way or the best way to resolve that is with an evidentiary hearing? I mean, we don't do that here. Well, that's what a de novo review is. And that's when we would affirm and say Judge Thompson got it exactly right. He was right to deny the motion to compel for the moment, have an evidentiary hearing. That's – again, that's not what you think we should do. But if we were to conclude that an evidentiary hearing was proper, we would say, great, he did everything right. I see my time has expired. Can I respond to your question and then get my final points, please? So you're right, Judge Nardini, that if you all in your de novo review determine that there are genuine disputes of material fact as to whether a contract to arbitrate exists, yes, you would have to send that for a trial. But here there are no genuine disputes. We have all the objective measurements of a contract. The president signed the contract, initialed every page, sat silent while it was transmitted to my client along with two other officers. If we allow parties to escape arbitration agreements by simply saying, oh, I know I signed it, but I didn't realize, you know, what it said or that it was sent to you, even though it was on the email, that provides a huge escape hatch for arbitration agreements that the Supreme Court said must be upheld and must be protected and that Congress said the same thing. What material issues of fact did Judge Thompson identify as requiring an evidentiary hearing? What's of note, Your Honor, is he did not. The one, and this is the point I was trying to get to. I didn't see it. Well, Judge Jacob, the one thing he did point out was he said that there needs to be a trial. This is also on page, appendix 436. There needs to be a trial to determine the circumstances in which the nondisclosure agreement was changed. If you looked at that transcript, plaintiff and plaintiff's counsel advanced a theory that there was a fraud associated with creating of that contract, that there were provisions that were deleted from section 5 of the agreement that had made the nondisclosure agreement contingent upon a subsequent distributor agreement. And they were suggesting that those were taken out through fraudulent mechanisms. And because that was taken out, the nondisclosure agreement was now binding without a second subsequent agreement. What the Supreme Court said in Buckeye and in Primate Paint is if you have allegations of fraud attacking the contract, that's for the arbitrator. So the very thing that Judge Thompson said he wants a trial about, the Supreme Court says you have to give that to the arbitrator. So for those reasons and the reasons that we've laid out, we request that this court reverse, that you remand with instructions to either stay those proceedings and or compel arbitration. We thank your orders for your time. Thank you, counsel. Thank you both. I think the case is addressed. And that concludes our arguments for today. I'll ask the Courtroom Deputy to adjourn. Court is adjourned.